1  PHILLIP A. TALBERT
   United States Attorney
2  ADRIAN T. KINSELLA
   Assistant United States Attorney
3  501 I Street, Suite 10-100
   Sacramento, CA 95814
4  Telephone:  (916) 554-2700
   Facsimile:  (916) 554-2900
5
6  Attorneys for Plaintiff
   United States of America
7
8              IN THE UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA,                CASE NO.  2:23-CR-00094-DJC

12                        Plaintiff,          STIPULATION AND [~~PROPOSED~~] PROTECTIVE
                                              ORDER RE: DISSEMINATION OF DISCOVERY
13                   v.                       DOCUMENT AND/OR INFORMATION SUBJECT
                                              TO A PROTECTIVE ORDER
14  JAGNINDER SINGH BOPARAI, ET AL.

15                        Defendants.

16

17                              **STIPULATION**

18

19         Plaintiff, United States of America, by and through its counsel of record, the United States

20  Attorney for the Eastern District of California and Assistant United States Attorney Adrian T. Kinsella,

21  and defendants JAGNINDER SING BOPARAI, RAMESH KUMAR BIRLA JR., and SHAMINDERJIT

22  SINGH SANDHU), by and through their respective counsel of record, Peter Kmeto, Todd D. Leras, and

23  Timothy E. Warriner, for the reasons set forth below, request that the Court enter the proposed protective

24  order (the "Protective Order") governing the use and dissemination of (1) personal identifying

25  information ("PII") of real persons pursuant to Federal Rule of Criminal Procedure Rule 16(d) (1), and

26  (2) information related to confidential informant(s) and/ or cooperating witness(es) who may testify at

27  trial.

28  //

<u>Introduction and Grounds for Protective Order</u>

1.    Defendants are charged in this matter with violation of 18 U.S.C. § 1958(a): Conspiracy and Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire.  Defendant Boparai is also charged with a substantive count of 18 U.S.C. § 1958(a):  Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire.  The defendants are currently detained pending trial.

2.    A protective order is necessary because the government intends to produce to the defense materials regarding confidential informants or cooperating witnesses who participated in the government's investigation and who may testify at trial.  Because these materials could be used to identify the confidential informants or cooperating witnesses, the government believes that the unauthorized dissemination or distribution of the materials may compromise the ability of such persons to participate effectively in future investigations in an undercover capacity and may expose them to potential safety risks.

3.    A protective order is also necessary because the government intends to produce to the defense materials containing third parties' PII.  The government believes that disclosure of this information without limitation risks the privacy and security of the information's legitimate owners.  Because the government has an ongoing obligation to protect third parties' PII, the government cannot produce to defendant an unredacted set of discovery containing this information without the Court entering the Protective Order.  Moreover, PII makes up a significant part of the discovery in this case and such information itself, in certain instances, has evidentiary value.  If the government were to attempt to redact all this information in strict compliance with Federal Rule of Criminal Procedure 49.1, the Eastern District of California's Local Rules regarding redaction, and the Privacy Policy of the United States Judicial Conference, the defense would receive a set of discovery that would be highly confusing and difficult to understand, and it would be challenging for defense counsel to adequately evaluate the case, provide advice to defendant, or prepare for trial.

4.    The purpose of the Protective Order is to (a) allow the government to comply with its discovery obligations while protecting this sensitive information from unauthorized dissemination, and (b) provide the defense with sufficient information to adequately represent the defendants.

//

Definitions

5.     The parties agree to the following definitions:

a.   "CI Materials" includes any information relating to a confidential informant's or cooperating witness's prior history of cooperation with law enforcement, prior criminal history, statements, or any other information that could be used to identify a confidential informant or cooperating witness, such as a name, image, address, date of birth, or unique personal identification number, such as a Social Security number, driver's license number, account number, or telephone number.

b.   For the purpose of this Protective Order, "PII Materials" includes any information that can be used to identify a person (excluding defendant's own name, the name of any co-defendant publicly named in an Indictment in the Eastern District of California, and the name of any law enforcement officer participating in the investigation or preparation of reports produced by the government as part of the discovery materials), including a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, email address, or personal identification number.

c.   "Confidential Information" refers to any document or information containing CI Materials or PII Materials that the government produces to the defense pursuant to this Protective Order and any copies thereof.

d.   "Defense Team" includes (1) defendants' respective counsel of record ("defense counsel"); (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in this case; (3) defense investigators who are assisting defense counsel with this case; (4) retained experts or potential experts; and (5) paralegals, legal assistants, and other support staff to defense counsel who are providing assistance on this case.  The Defense Team does not include defendant, defendant's family members, or any other associates of defendant.

Terms of the Protective Order

6.     The parties jointly request the Court enter the Protective Order, which will permit the

STIPULATION AND [PROPOSED] PROTECTIVE ORDER

3

1    government to produce Confidential Information in a manner that preserves the privacy and security of

2    third parties.  The parties agree that the following conditions in the Protective Order will serve these

3    interests:

4       a.   The government is authorized to provide defense counsel with Confidential

5            Information marked with the following legend: "CONFIDENTIAL INFORMATION -

6            - CONTENTS SUBJECT TO PROTECTIVE ORDER."  The government may put

7            that legend on the digital medium (such as DVD or hard drive) or simply label a

8            digital folder on the digital medium to cover the content of that digital folder.  The

9            government may also redact any PII contained in the production of Confidential

10           Information.

11      b.   If a defendant(s) objects to a designation that material contains Confidential

12           Information, the parties shall meet and confer.  If the parties cannot reach an

13           agreement regarding an objection, defendant(s) may apply to the Court to have the

14           designation removed.

15      c.   Defendants and the Defense Team agree to use the Confidential Information solely to

16           prepare for any pretrial motions, plea negotiations, trial, and sentencing hearing in this

17           case, as well as any appellate and post-conviction proceedings related to this case.

18      d.   The Defense Team shall not permit anyone other than the Defense Team to have

19           possession of Confidential Information, including defendants, while outside the

20           presence of the Defense Team.

21      e.   Notwithstanding the paragraph above, defendants may see and review CI Materials

22           only in the presence of defense counsel, and defense counsel shall ensure that

23           defendant is never left alone with any CI Materials.  At the conclusion of any meeting

24           with defendants at which defendants are permitted to view CI Materials, defendants

25           must return any CI Materials to defense counsel, who shall take all such materials with

26           counsel.  Defendants may not take any CI Materials out of the room in which

27           defendant is meeting with defense counsel.  At no time, under no circumstance, will

28           any Confidential Information be left in the possession, custody, or control of

STIPULATION AND [PROPOSED] PROTECTIVE        4
ORDER

defendants, regardless of defendant's custody status.

f.   Defendants may review PII Materials only in the presence of a member of the Defense Team, who shall ensure that defendant is never left alone with any PII Materials.  At the conclusion of any meeting with defendant at which defendant is permitted to view PII Materials, defendant must return any PII Materials to the Defense Team, and the member of the Defense Team present shall take all such materials with him or her. Defendants may not take any PII Materials out of the room in which defendant is meeting with the Defense Team.

g.   Defendants may see and review Confidential Information as permitted by this Protective Order, but defendant may not copy, keep, maintain, or otherwise possess any Confidential Information in this case at any time.  Defendants also may not write down or memorialize any data or information contained in the Confidential Information.

h.   The Defense Team may review Confidential Information with a witness or potential witness in this case, including defendant.  Defense counsel must be present whenever any CI Materials are being shown to a witness or potential witness.  A member of the Defense Team must be present if PII Materials are being shown to a witness or potential witness.  Before being shown any portion of Confidential Information, however, any witness or potential witness must be informed of, and agree in writing to be bound by, the requirements of the Protective Order.  No member of the Defense Team shall permit a witness or potential witness to retain Confidential Information or any notes generated from Confidential Information.

i.   The Defense Team shall maintain Confidential Information safely and securely, and shall exercise reasonable care in ensuring the confidentiality of those materials by (1) not permitting anyone other than members of the Defense Team, defendants, witnesses, and potential witnesses, as restricted above, to see Confidential Information; (2) not divulging to anyone other than members of the Defense Team, defendant, witnesses, and potential witnesses, the contents of Confidential

Information; and (3) not permitting Confidential Information to be outside the Defense Team's offices, homes, vehicles, or personal presence.  CI Materials shall not be left unattended in any vehicle.

j.   To the extent that defendant, the Defense Team, witnesses, or potential witnesses create notes that contain, in whole or in part, Confidential Information, or to the extent that copies are made for authorized use by members of the Defense Team, such notes, copies, or reproductions become Confidential Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

k.   The Defense Team shall use Confidential Information only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeal filed by defendant and any motion filed by defendant pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Confidential Information with the Court or divulge the contents of Confidential Information in court filings, the filing should be made under seal.  If the Court rejects the request to file such information under seal, the party seeking to file such information publicly shall provide advance written notice to the other party to afford such party an opportunity to object or otherwise respond to such intention.  If the other party does not object to the proposed filing, the party seeking to file such information shall redact any: CI Materials or PII Materials and make all reasonable attempts to limit the divulging of CI Materials or PII Materials.

l.   The parties agree that any Confidential Information inadvertently produced in the course of discovery prior to entry of the Protective Order shall be subject to the terms of the Protective Order.  If Confidential Information was inadvertently produced prior to entry of the Protective Order without being marked "CONFIDENTIAL INFORMATION -- CONTENTS SUBJECT TO PROTECTIVE ORDER," the government shall reproduce the material with the correct designation and notify defense counsel of the error.  The Defense Team shall take immediate steps to destroy the unmarked material, including any copies.

m.  The parties agree that if any Confidential Information contains both CI Materials and

another category of Confidential Information, the information shall be handled in accordance with the CI Materials provisions of the Protective Order.

n.  Confidential Information shall not be used by the defendant or Defense Team, in any way, in any other matter, absent an order by this Court.  All materials designated subject to the Protective Order maintained in the Defense Team's files shall remain subject to the Protective Order unless and until such order is modified by this Court. Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return CI Materials to the government or certify that such materials have been destroyed.  Within 30 days of the conclusion of appellate and post-conviction proceedings, defense counsel shall return all PII Materials, certify that such materials have been destroyed, or certify that such materials are being kept pursuant to the California Business and Professions Code and the California Rules of Professional Conduct.

o.  In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must be informed of, and agree in writing to be bound by, the requirements of the Protective Order before the undersigned defense counsel transfers any Confidential Information to the new defense counsel.  New defense counsel's written agreement to be bound by the terms of the Protective Order must be returned to the Assistant U.S. Attorney assigned to the case.  New defense counsel then will become the Defense Team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for:  (1) returning to the government, certifying the destruction of, or retaining pursuant to the California Business and Professions Code and the California Rules of Professional Conduct all PII Materials; and (2) returning to the government or certifying the destruction of all CI Materials.

p.  Defense counsel agrees to advise their respective defendant and all members of the Defense Team of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing defendant(s) and

1    members of the Defense Team with access to any materials subject to the Protective

2    Order.

3  IT IS SO STIPULATED.

4

5  Dated:  April 25, 2023                PHILLIP A. TALBERT
                                   United States Attorney

6

7                                 /s/ Adrian T. Kinsella
                               ADRIAN T. KINSELLA
                               Assistant United States Attorney

8

9  Dated:  April 25, 2023              /s/ Peter Kmeto
                                 Peter Kmeto

10                                 Counsel for Defendant

11                                 JAGNINDER SINGH BOPARAI

12

13  Dated:  April 25, 2023              /s/ Todd D. Leras
                                  Todd D. Leras

14                                 Counsel for Defendant
                               RAMESH KUMAR BIRLA JR.

15

16  Dated:  April 25, 2023              /s/ Timothy E. Warriner

17                                 Timothy E. Warriner
                                 Counsel for Defendant

18                                 SHAMINDERJIT SINGH SANDHU

19

20                         **[~~PROPOSED~~] ORDER**

21      The Court, having read and considered the Stipulation and Joint Request for a Protective Order,

22  which is incorporated by reference into this Order in full, hereby finds that GOOD CAUSE exists

23  pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure to enter the above Order.

24      **IT IS SO FOUND AND ORDERED.**

25  DATED: April 26, 2023

26                                  ALLISON CLAIRE
                                  UNITED STATES MAGISTRATE JUDGE

27

28